UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTT PHILLIP LEWIS,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 1:21-cv-00074-LY-SH** |
| | § | |
| **WILLIAMSON COUNTY, TEXAS,** | § | |
| *Defendant* | § | |

**ORDER**

Before the Court is Christopher Osborn's Motion to Withdraw as Attorney in Charge, filed November 19, 2021 (Dkt. 25).[1]

The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). A court must consider multiple factors, including (1) undue delay in the proceedings, (2) prejudice to the client, and (3) the interests of justice. *Walker v. Voyager Charters, LLC*, No. A-08-CA-0027-JRN, 2009 WL 10700768, at *1 (W.D. Tex. Feb. 26, 2009). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *Wynn*, 889 F.2d at 646).

The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *Practice Interactive, Inc. v. Candelario*, No. A-20-CV-00645-JRN, 2021 WL 3520915, at *1 (W.D. Tex. Jan. 4, 2021). A district court has substantial latitude to deny an attorney's motion to withdraw if the court is not persuaded that good cause for withdrawal exists.

---

[1] The District Court referred all pending and future motions to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 16.

*Hernandez v. Aleman Constr., Inc.*, No. 3:10-cv-2229-BN, 2014 WL 1794833, at \*1 (N.D. Tex. May 5, 2014). Even if good cause exists, an attorney may withdraw only if withdrawal will not disrupt the lawsuit. *Hernandez v. Siemens Corp*., No. SA-16-CV-00539-RCL, 2017 WL 5712100, at \*3 (W.D. Tex. Nov. 27, 2017) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).

Local Rule AT-3 provides that:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and **must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence**.

(emphasis added). Osborn's motion fails to comply with Local Rule AT-3 because it does not bear his client's signature or explain why the signature could not be obtained. Dkt. 25. The motion must be denied on this basis alone. *U.S. v. Ruiz*, No. SA-12-CR-899(1)-DAE, 2013 WL 6287440, at \*2 (W.D. Tex. Dec. 4, 2013).

In addition, Osborn states that good cause exists for his withdrawal "because attorney and client do not agree on litigation strategy and are unable to effectively communicate." *Id.* ¶ 2. Counsel's conclusory statement that he is unable to communicate with his client effectively is insufficient to establish good cause. *See FTC v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (denying motion to withdraw where attorney did not explain prejudice arising from lack of communication with client).

Even if disagreement on litigation strategy constitutes good cause, the Court finds that granting the motion to withdraw would disrupt the lawsuit. First, withdrawal likely will delay this proceeding. Osborn states that his client "has not agreed to the motion to withdraw[ ] and has refused to select a substitute attorney," so withdrawal will leave him unrepresented. Dkt. 25 ¶ 4. A party's transition to *pro se* status increases the risk of undue delay. *See Walker,* 2009 WL

10700768, at *1 (denying motion to withdraw). In addition, granting the motion to withdraw likely would prejudice Plaintiff because his objections to the Report and Recommendation to grant in part and deny in part Defendant's Motion to Dismiss (Dkt. 22) are due in just over two weeks, on December 10, 2021.

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Christopher Osborn's Motion to Withdraw as Attorney in Charge (Dkt. 25).

**SIGNED** on November 23, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE