UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SCOTT PHILLIP LEWIS,** *Plaintiff* | § § § |
| v. | § § **Case No. 1:21-cv-00074-LY-SH** |
| **WILLIAMSON COUNTY, TEXAS,** *Defendant* | § § § |

**O R D E R**

Now before the Court is Christopher Osborn's Amended Motion to Withdraw as Attorney in Charge, filed March 17, 2022 (Dkt. 38).[1] In his Amended Motion, Plaintiff's counsel states that: "There is good cause for this Court to grant the motion to withdraw because attorney and client do not agree on litigation strategy and are unable to effectively communicate. This conflict prevents attorney's continued representation." *Id.* at 1. Counsel further states that Plaintiff will not speak to him, that Plaintiff "has failed to comply with his agreement with counsel by refusing to replenish his retainer," and that he and Plaintiff "disagree on the appropriate legal strategy." *Id.* Defendant Williamson County, Texas is unopposed to withdrawal. *Id.* at 3.

Local Rule AT-3 provides that:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

---

[1] The District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 16. Williamson County, Texas' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 37) and Plaintiff's Unopposed Motion for Leave to File Response to Motion to Dismiss Amended Complaint (Dkt. 39) will be addressed in due course.

The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). A court must consider multiple factors, including (1) undue delay in the proceedings, (2) prejudice to the client, and (3) the interests of justice. *Walker v. Voyager Charters, LLC*, No. A-08-CA-0027-JRN, 2009 WL 10700768, at *1 (W.D. Tex. Feb. 26, 2009). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *Wynn*, 889 F.2d at 646). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *Practice Interactive, Inc. v. Candelario*, No. A-20-CV-00645-JRN, 2021 WL 3520915, at *1 (W.D. Tex. Jan. 4, 2021).

Plaintiff's Counsel first moved to withdraw on November 19, 2021. Dkt. 25. On November 23, 2021, the undersigned Magistrate Judge denied the motion without prejudice because it did not bear Plaintiff's signature or explain why the signature could not be obtained, in violation of Local Rule AT-3; provided only conclusory reasons for withdrawal; and was likely to disrupt the lawsuit at that time. Dkt. 28.

The Court finds that the Amended Motion corrects these deficiencies, satisfies the requirements of Local Rule AT-3, and establishes good cause for withdrawal. Counsel explains that he "has delivered a motion to withdraw to Plaintiff requesting his signature, but Plaintiff refuses to sign the motion or approve the withdraw[al]." Dkt. 38 at 1. Counsel also sets forth Plaintiff's name, address, telephone number, and email address, and states: "Plaintiff represented to counsel for Plaintiff that a substitute attorney would be retained, but no new attorney has been retained as of the date of this filing." *Id.* Moreover, undue delay appears unlikely because nearly two months remain until the discovery deadline and ten months until trial, in April 2023. Dkt. 27.

For these reasons, the Court **GRANTS** Christopher Osborn's Amended Motion to Withdraw as Attorney in Charge (Dkt. 38). Christopher Osborn is withdrawn as counsel of record.

**Plaintiff therefore is ORDERED, on or before June 24, 2022**, to either (1) cause new counsel to enter an appearance, (2) notify the Court in writing that he is continuing this lawsuit and is representing himself *pro se* (without counsel), or (3) notify the Court in writing that he no longer desires to continue this lawsuit and wishes for it to be dismissed.

**IT IS SO ORDERED.**

**SIGNED** on June 3, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE