IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SCOTT PHILLIP LEWIS,  *Plaintiff*, | § § § |
| v. | § § |
| WILLIAMSON COUNTY, TEXAS,  *Defendant*. | § § § § § |

CIVIL ACTION NO. 1:21-CV-00074-LY
Jury Trial Demanded

### DEFENDANT WILLIAMSON COUNTY, TEXAS' RESPONSE TO PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION

COMES NOW Defendant Williamson County, Texas ("Defendant") and files its Response to Plaintiff Scott Phillip Lewis's ("Plaintiff") Motion for Rule 54(b) Certification. In support thereof, Defendant respectfully offers the following:

### I.
### DEFENDANT'S RESPONSE

The Court should deny Plaintiff's motion for Rule 54(b) certification because such a certification would result in piecemeal appeals of claims at issue in this case. Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "Entry of the Rule 54(b) order is discretionary." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). Considering the policy against piecemeal appeals,

> Rule 54(b) certification orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge *should be used only in the infrequent harsh case* as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.

*Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978), *overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1 (1980) (cleaned up) (emphasis added); *see also Jasmin*, 726 F.2d at 244 ("The procedure should be sparingly and deliberately used for it brings parts of a case before the court seriatim."); *see also Page v. Gulf Oil Corp.*, 775 F.2d 1311, 1313 n.2 (5th Cir. 1985) ("A 54(b) certificate should be reserved for a case where a delay in the appeal might result in prejudice to a party. The rule was adopted to avoid injustice, not to overturn the settled rule against piecemeal appeals.").

Here, a Rule 54(b) certification of dismissed claims prior to a final judgment on the remaining claims would result in piecemeal appeals disfavored by the Fifth Circuit. In his motion, Plaintiff argued that "delaying any appeal to proceed would increase the risk of a second trial with the same participants in the event the dismissals were reversed." ECF No. 86 at 3. The Fifth Circuit's policy against piecemeal appeals, however, speaks directly against the relief Plaintiff seeks through his motion. Were this Court to grant Plaintiff's motion and certify the previously dismissed claims for entry of a final judgment, Plaintiff would seek an immediate appeal of the dismissed claims *prior to* a final judgment on the remaining claims. *See* ECF No. 86 at 1 ("Specifically, [Plaintiff] seeks relief to appeal dismissed [sic] excessive force claim . . . in addition to [Eighth Amendment, failure to provide medical care, Americans with Disabilities and Rehabilitation Act, *Brady* violation, right to a speedy trial, high speed chase] and all failure to train and failure to supervise claims.").[1] Should Defendant prevail on the remaining claims in this case,

---

[1] Throughout the first page of Plaintiff's motion, Plaintiff made typographical errors where he used the term "Defendant" in place of "Plaintiff" when he apparently meant to identify himself and not Defendant or undersigned counsel for Defendant. *See, e.g.,* ECF No. 86 at 1 ("On April 19, 2023, *Defendant* contacted Defendant's attorneys . . . *Defendant* responded indicating intentions to ask court [sic] to enter partial final judgment on dismissed claims") (emphasis added). To be clear, Plaintiff is not referring to attorney-client privileged communications between undersigned counsel and his client in the cited examples, but rather meant to identify himself as having contacted counsel of Defendant.

2

Plaintiff would almost certainly seek an appeal of those claims, thus resulting in piecemeal appeals before the Fifth Circuit.

Moreover, Plaintiff has failed to show how delaying a final judgment on the previously dismissed claims until the resolution of the remaining claims would prejudice him. Plaintiff's argument concerning the "risk of a second trial" is nonsensical and speculative at best when delaying entry of a final judgment until the resolution of the remaining claims would conserve judicial resources and protect both parties from the burden and expense of engaging in piecemeal appeals of multiple claims in this case. ECF No. 86 at 3. Therefore, the Court should deny Plaintiff's motion for Rule 54(b) certification.

## II.
## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion for Rule 54(b) certification.

Respectfully submitted,

By: */s/ Evan W. Weltge*
Ben Zinnecker
State Bar No. 24066504
Evan W. Weltge
State Bar No. 24110523

GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 South Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-9280 Facsimile
bzinnecker@germer-austin.com
eweltge@germer-austin.com

**COUNSEL FOR DEFENDANT**
**WILLIAMSON COUNTY, TEXAS**

## **CERTIFICATE OF SERVICE**

  I, **EVAN W. WELTGE**, counsel for Defendant, certify that a true and correct copy of the foregoing motion and attached proposed amended scheduling order has been served on all parties of record, as indicated below, via the electronic case filing system for the U.S. District Court, Western District of Texas, on May 4, 2023.

Scott Phillip Lewis
64 Mckinley St.
Lake Placid, NY 12946
scottphilliplewis@gmail.com
*Plaintiff pro se*

                */s/ Evan W. Weltge*
                Evan W. Weltge