UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTT PHILLIP LEWIS,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:21-cv-00074-ADA-SH |
| **WILLIAMSON COUNTY, TEXAS,** *Defendant* | § § § | |

## ORDER

Now before the Court are Plaintiff Scott Phillip Lewis' Opposed Motion to Amend Scheduling Order, filed September 1, 2023 (Dkt. 109); Defendant Williamson County, Texas' Opposed Motion for Leave to File Defendant's Second Motion to Compel Plaintiff's Discovery Responses and Motion to Overrule Plaintiff's Untimely Objections to Defendant's Discovery Requests in Excess of Page Limit, filed September 6, 2023 (Dkt. 110); and the associated response and reply briefs.[1]

### I.  Defendant's Second Motion to Compel

The Court hereby **GRANTS** Defendant's motion for leave to file an overlength brief (Dkt. 110) and proceeds to address Defendant Williamson County, Texas' Second Motion to Compel Plaintiff's Discovery Responses and Motion to Overrule Plaintiff's Untimely Objections to Defendant's Discovery Requests in Excess of Page Limit (Dkt. 110-2).

Defendant filed its first motion to compel after Plaintiff failed to timely respond or make any substantive objections to Defendant's First Set of Interrogatories and First Set of Requests for Production, which were served April 19, 2023. On July 19, 2023, this Magistrate Judge held a

---

[1] The District Court referred all nondispositive and dispositive motions in this case to this Magistrate Judge for resolution or Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 16.

1

hearing on the motion, at which Lewis, who is proceeding *pro se*, and counsel for Williamson County were present. The same day, the Court entered an order granting Defendant's first motion to compel and ordered Plaintiff to serve his responses to the discovery requests and his document production on Defendant by August 18, 2023. Dkt. 104 at 2. The Court also admonished Plaintiff that sanctions may be imposed under Rule 16(f) if he failed to obey the order. *Id.* Discovery closed September 1, 2023. *Id.* at 3.

In its Second Motion to Compel, Defendant states that on August 18, 2023, Plaintiff served responses consisting almost entirely of objections to Defendant's discovery requests and stated that he was withholding responsive documents on the basis of his objections. *See* Dkt. 110-5. Plaintiff has produced no documents. Dkt. 110-2 at 4. Defendant now asks the Court to again compel Plaintiff's responses and overrule his discovery objections.

The Court **GRANTS** Defendant's second motion to compel (Dkt. 110-2) and **OVERRULES** all objections in Plaintiff's responses as untimely and therefore waived. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). Plaintiff is **ORDERED** to serve his responses to Defendant's First Set of Interrogatories and First Set of Requests for Production, **without objection**, and to produce all responsive documents to Defendant by **September 26, 2023**.

Plaintiff again is reminded that, although proceeding *pro se*, he must abide by the rules that govern the federal courts. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Continued disobedience of the Court's discovery orders may result in sanctions including dismissal of this action under Rule 37(b)(2)(A). *See, e.g.*, *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016) (stating that "Rule 37 grants federal courts broad discretion in deciding whether to dismiss the action of a plaintiff who fails to comply with disclosure and discovery requirements").

## II. Plaintiff's Motion to Amend Scheduling Order

Plaintiff asks the Court to amend the scheduling order because there has been no Rule 26(f) conference in this case. As the Court explained to Plaintiff repeatedly at the hearing on July 19, 2023, this argument is unavailing.

Attorney Christopher Osborn represented Plaintiff in this litigation until he was permitted to withdraw on June 3, 2022. Dkt. 43. Defendant states that Osborn and its counsel engaged in a Rule 26(f) conference before submitting an agreed proposed scheduling order on September 3, 2021. Dkt. 18; Dkt. 20; Dkt. 112 at 3. After Osborn withdrew and Plaintiff filed a Second Amended Complaint (Dkt. 69), defense counsel conferred directly with Plaintiff, and the parties agreed to a new proposed schedule on September 30, 2022. Dkt. 72; Dkt. 112 at 4; Dkt. 112-2. The District Court held an initial pretrial conference with both Plaintiff and counsel for Defendant on January 5, 2023, before entering a scheduling order the same day. Dkt. 83. The Court finds that the parties have conferred sufficiently, and also that Plaintiff has had multiple opportunities to raise any discovery issues with the District Court and this Magistrate Judge.

Because Plaintiff has not shown good cause to amend the scheduling order under Rule 16(b)(4), Plaintiff Scott Phillip Lewis' Opposed Motion to Amend Scheduling Order (Dkt. 109) is **DENIED**. All deadlines in this case remain as set. *See* Dkt. 87-1; Text Order entered May 18, 2023; Dkt. 104 at 3.

## III. Conclusion

In summary, the Court **DENIES** Plaintiff Scott Phillip Lewis' Opposed Motion to Amend Scheduling Order (Dkt. 109); **GRANTS** Defendant Williamson County, Texas' Opposed Motion for Leave to File Defendant's Second Motion to Compel Plaintiff's Discovery Responses and Motion to Overrule Plaintiff's Untimely Objections to Defendant's Discovery Requests in

Excess of Page Limit (Dkt. 110); and **GRANTS** Defendant Williamson County, Texas' Second Motion to Compel Plaintiff's Discovery Responses and Motion to Overrule Plaintiff's Untimely Objections to Defendant's Discovery Requests in Excess of Page Limit (Dkt. 110-2).

**SIGNED** on September 18, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE