IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SCOTT PHILLIP LEWIS,<br>Plaintiff,<br><br>v.<br><br>WILLIAMSON COUNTY, TEXAS,<br>Defendant. | 1:21-CV-00074-ADA-SH |

**MEMORANDUM OPINION & ORDER**

Came on for consideration this date is Plaintiff's Opposed Emergency Motion to Stay Magistrate Judge's September 18th, 2023, Order Pending Appeal and for Expedited Consideration, ECF No. 115. After careful consideration of the motion and the applicable law, the Court **DENIES** Plaintiff's Opposed Emergency Motion to Stay Magistrate Judge's September 18th, 2023, Order Pending Appeal and for Expedited Consideration, ECF No. 115.

### I.  Motions to Compel

Defendant filed its first motion to compel after Plaintiff failed to timely respond or make any substantive objections to Defendant's First Set of Interrogatories and First Set of Requests for Production, which were served April 19, 2023. On July 19, 2023, this Magistrate Judge held a hearing on the motion, at which Lewis, who is proceeding pro se, and counsel for Williamson County were present. The Court entered an order granting Defendant's first motion to compel and ordered Plaintiff to serve his responses to the discovery requests and his document production on Defendant by August 18, 2023. ECF No. 104 at 2. The Court also admonished Plaintiff that sanctions may be imposed under Rule 16(f) if he failed to obey the order. *Id.* Discovery closed September 1, 2023. *Id.* at 3.

Defendant then filed a second motion to compel ECF No. 110-2. Defendant states that on August 18, 2023, Plaintiff served responses consisting almost entirely of objections to Defendant's discovery requests and stated that he was withholding responsive documents on the basis of his objections. *See* ECF No. 110-5. Plaintiff has produced no documents. ECF No. 110-2 at 4. On September 18, 2023, the Court ordered Plaintiff to serve his responses to Defendant's First Set of Interrogatories and First Set of Requests for Production, without objection, and to produce all responsive documents to Defendant by September 26, 2023. ECF No. 114 at 2.

Plaintiff filed an emergency motion to stay Judge Hightower's second order regarding the motion to compel on September 26, 2023. ECF No. 115. Plaintiff argues that if they are not able to file objections pursuant to Federal Rule of Civil Procedure 72(a) before they are required to serve responsive discovery, this would eliminate the District Judge's power to review the Magistrate Judge's order. ECF No. 115 at 2. Plaintiff argues that a stay is proper because they can successfully show that Rules 33 and 34 of the Federal Rules of Civil Procedure give a Judge discretion to order more time for answers and objections and produce documents beyond 30 days. ECF No. 115 at 3-4. Additionally, they allege they will suffer the irreparable injury of being required to produce discovery (and make further arguments about how a Rule 26(f) conference has not been completed). *Id.* at 4-7. Plaintiff finally argues that Williamson County will suffer no injury and a stay would align with the Public Interest. *Id.* at 7-8.

However, the Court determines that a stay is not warranted here. First, Plaintiff was initially ordered in July to serve responses to discovery requests and document productions by August 18, 2023. Plaintiff was warned under no uncertain terms that he may be sanctioned under Rule 16(f) if he failed to obey the order. Plaintiff has failed to serve ANY discovery (other than objections). Plaintiff has been on notice for over two months that they are required to serve discovery and has

failed to do so. While a Judge has discretion to extend the deadlines for answers and objections under Rule 33 and 34, Plaintiff has not been given an extension here.

Finally, as noted in both in the July hearing and in orders regarding motions to compel, Plaintiff's arguments regarding Rule 26(f) are unavailing. Plaintiff and its counsel engaged in a Rule 26(f) conference before submitting an agreed proposed scheduling order on September 3, 2021. ECF No. 18; ECF No. 20; ECF No. 112 at 3. After Plaintiff's counsel withdrew, a new schedule was agreed to on September 30, 2022. The Court conducted an initial pretrial conference with Plaintiff and counsel for Defendant on January 5, 2023. Given the above, the Court finds that the parties have conferred sufficiently. Plaintiff has had multiple opportunities to raise any discovery issues with the District Court and this Magistrate Judge and has failed to do so until discovery is closed.

In summary, Plaintiff has had sufficient time to engage in discovery, and has not done so. To be clear, Plaintiff is still entitled to file objections and may do so, but the Court finds that Plaintiff has not shown cause to stay the discovery order.

## II.   Conclusion

In summary, the Court **DENIES** Plaintiff's motion for a stay, and Plaintiff is directed to comply with both prior orders compelling Plaintiff to produce documents. ECF No. 104; ECF No. 114.

SIGNED this 27th day of September, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE