UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTT PHILLIP LEWIS,** *Plaintiff* | § § § | |
| **v.** | § § | Case No. 1:21-cv-00074-ADA-SH |
| **WILLIAMSON COUNTY, TEXAS,** *Defendant* | § § | |

### ORDER

Now before the Court are Plaintiff Scott Phillip Lewis' Motion to Waive PACER Fees for Indigent Filer, filed December 18, 2023 (Dkt. 127), and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, filed December 29, 2023 (Dkt. 132).

In an Order issued December 20, 2023 (Dkt. 129), the Court explained that the Electronic Public Access ("EPA") Fee Schedule[1] sets forth a national policy regarding requested discretionary fee exemptions that is to be applied locally:

- Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents, bankruptcy case trustees, *pro bono* attorneys, *pro bono* alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions. Courts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee. Examples of individuals and groups that a court should not exempt include: local, state or federal government agencies, members of the media, privately paid attorneys or others who have the ability to pay the fee.

- In considering an exemption, courts must find:
  - that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information . . . .

---

[1] Available at https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.

Item 9, EPA Fee Schedule (effective January 1, 2020). The Judicial Conference Policy Notes to the Fee Schedule make clear that those seeking an exemption are required "to demonstrate that an exemption is limited in scope and is necessary in order to avoid an unreasonable burden." In accordance with the EPA policy, the Court ordered Plaintiff to provide sufficient financial information, under oath, to demonstrate that his requested exemption from PACER fees is necessary to avoid unreasonable burden.

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Considering Plaintiff's indigent status, the Court also finds that his requested exemption from PACER fees is necessary to avoid unreasonable burden.

For these reasons, the Court **GRANTS** Plaintiff Scott Phillip Lewis' Motion to Waive PACER Fees for Indigent Filer (Dkt. 127) and Application to Proceed *In Forma Pauperis* (Dkt. 132). **IT IS ORDERED** that Plaintiff Scott Phillip Lewis is exempt from any fees assessed for use of the PACER system **through March 31, 2024**. **This exemption is limited to fees associated with Plaintiff's prosecution of this case before the District Court**.

A copy of this Order shall be sent to the PACER Service Center.

**SIGNED** on January 2, 2024.

_____  
SUSAN HIGHTOWER  
UNITED STATES MAGISTRATE JUDGE